IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V. and<br>IP2IPO INNOVATIONS, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 24-206-CFC |
| v. | ) | |
| | ) | |
| OPSENS INC., OPSENS MEDICAL, | ) | |
| OPSENS MEDICAL INC., and | ) | |
| HAEMONETICS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## [PROPOSED] PROTECTIVE ORDER

To expedite the flow of discovery materials, facilitate the prompt resolution

of disputes over confidentiality of discovery materials, adequately protect

information the parties in this action are entitled to keep confidential, ensure that

only materials the parties are entitled to keep confidential are subject to such

treatment, and ensure that the parties are permitted reasonably necessary uses of such

materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P.

26(c), it is hereby ORDERED that:

## I.    INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three

categories: (1) CONFIDENTIAL; (2) HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL EYES' ONLY; and (3) RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE, as set forth in Items A through C below. All three of the identified categories of information shall be identify collectively in this Order by the title of "Protected Information".

### A.    Information Designated CONFIDENTIAL

1.    For purposes of this Order, CONFIDENTIAL information shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, believes comprises confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party. Any CONFIDENTIAL information obtained by any party from any person pursuant to discovery in this action may be used only for purposes of this action.

2.    Any document or tangible thing containing or including any CONFIDENTIAL information may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.      All CONFIDENTIAL information not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL information (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5.      The following information is not CONFIDENTIAL information:

    a.  Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

    b.  Any information that the receiving party can show was already publicly known prior to the disclosure; and,

3

    c.  Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

6.    Unless otherwise ordered by the court or permitted in writing by the producing party, documents designated CONFIDENTIAL and information contained therein shall be available only to:

    a.  Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks;

    b.  Experts and their necessary support personnel, subject to the provisions of Section II below, and who have signed the form attached hereto as **Attachment A**; the term "expert" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult;

    c.  Two in-house counsel for each party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have no involvement in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), and (iii) who have

signed the acknowledgment and agreement to be bound set forth in

**Attachment A**. The receiving party must disclose in writing to the

producing party the name(s) of any such designated in-house counsel

prior to the receiving party disclosing a producing party's

CONFIDENTIAL information to such designated in-house counsel

under this section;

d. The Court, its personnel and stenographic reporters (under seal or

with other suitable precautions determined by the Court); and

e. Independent legal translators retained to translate in connection with

this action; independent stenographic reporters and videographers

retained to record and transcribe testimony in connection with this

action; graphics, translation, or design services retained by counsel for

purposes of preparing demonstrative or other exhibits for deposition,

trial, or other court proceedings in the actions; independent litigation

and eDiscovery support personnel retained in connection with this

action; and non-technical jury or trial consulting services not

including mock jurors.

**B.    Information Designated HIGHLY CONFIDENTIAL –**
**OUTSIDE COUNSEL EYES ONLY**

1.    The HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY designation is reserved for HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information or material that constitutes (a) marketing, financial, sales, web traffic, research and development, or technical data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Non-Disclosure Agreement ("NDA")[1]; (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) non-public information or data relating to commercial products and/or, (e) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to  cause harm to the competitive position of the producing party. Documents marked "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL," "RESTRICTED CONFIDENTIAL," or the like shall be treated as if designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES' ONLY

---

[1] To be clear, to the extent this provision relates to HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY material obtained from a nonparty, such material remains subject to any necessary approvals from the nonparty for production.  Should the nonparty not consent to production, the parties shall contact the Court to schedule an in-person conference and/or argument for the party requesting production to seek relief.

under the terms of this Protective Order.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

2.      Unless otherwise ordered by the Court or permitted in writing by the producing party, documents designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs I.A.6.a, b, d and e above subject to any terms set forth or incorporated therein.

### C.    Information Designated RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE

1.      The RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE designation is reserved for CONFIDENTIAL information that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to a party's confidential, proprietary and/or trade secret source code (including comments contained therein), object code, RTL, HDL or other hardware description language, hardware configuration files, live data (that is, data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming

language with an informal natural- language description of the computations to be carried out).

2.    As set forth below or as otherwise agreed by the parties, all Source Code or its equivalent, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL - SOURCE CODE," shall be made available for inspection on a stand-alone computer. The RESTRICTED CONFIDENTIAL – SOURCE CODE shall be made available for inspection during normal business hours at an office of the producing party's outside counsel and the producing party must provide reasonably advanced notice of the specific office location. The parties shall be reasonably accommodating as to dates, notice, and hours for inspection.

3.    The receiving party's outside counsel and/or experts may take notes relating to the Source Code by hand to the extent narrowly tailored and reasonably necessary to facilitate the receiving party's furtherance of its claims and defenses in this case. No portion(s) of the Source Code may be copied into such notes. All such notes shall bear the legend "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE." All such notes must be destroyed after the conclusion of the case pursuant to section VIII.c herein. The receiving party shall not copy, remove, or otherwise transfer any portion of the Source Code from the stand-alone computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The receiving party shall

not transmit any portion of the Source Code in any way from the location of the Source Code inspection.  The receiving party shall not make any written or electronic record of the Source Code except as otherwise provided herein.

4.    <u>Printing of Source Code:</u>

a.    No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as otherwise provided in this Section 4.  The producing party shall allow printing of up to twenty (20) consecutive pages and no more than five hundred (500) total pages of paper copies of RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE, including screen shots.  If the requesting party can establish a good faith basis for obtaining a reasonable number of printed pages above the five hundred (500) page limit, the producing party will not unreasonably withhold consent.  The requesting party shall print only such portions of the RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE as are relevant to the claims and defenses in the case and are reasonably necessary to prepare and prosecute its claims and defenses, for preparation of court filings, expert reports, witness statements, related drafts, and demonstrative exhibits.

b.    The producing party shall collect and maintain all original Source Code printouts.  Within five (5) business days of the printouts being made, the producing party will produce up to five (5) copies of the printed pages bearing

9

production (aka "Bates") numbers and the legend "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE," unless the producing party objects to producing any such pages as set forth below. The producing party may produce the printed pages on watermarked or colored paper. The producing party shall maintain a log of all copies of RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE produced to the requesting party.

c.    If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days of receiving the written request from the requesting party. If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the receiving party shall seek relief from the Court pursuant to the Court's discovery dispute procedures. The producing party must use its power to object reasonably and may not, for example, make an objection simply to introduce delay or attempt to discover privileged information. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

d.    Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE," may not be

copied, digitally imaged or otherwise duplicated except as otherwise provided in this Order. All such copies of the Source Code must be destroyed after the conclusion of the case pursuant to section VIII.c. herein.

e.    Paper copies designated "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" shall be stored or viewed only at (i) the offices of outside litigation counsel for the receiving party; (ii) up to one hundred (100) pages at a time at the offices of experts who have been disclosed pursuant to Section II; (iii) the site where any deposition is taken where a witness is examined regarding Source Code; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of the person responsible for maintaining the security and confidentiality of the designated materials.

5.    The receiving party shall provide the producing party with the identities of any persons who will view Source Code in conjunction with any written notice requesting inspection.

6.    Unless otherwise ordered by the Court or permitted in writing by the producing party, a receiving party may disclose any information or item designated "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" only to:

a.      the receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information;

b.      the receiving party's experts to whom disclosure is reasonably necessary, and who have signed the acknowledgment and agreement to be bound set forth in Attachment A;

c.      the Court and its personnel;

d.      Court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary and who have signed the acknowledgment and agreement to be bound set forth in Attachment A; and

e.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Notwithstanding the above, no receiving party's outside counsel or experts who are involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), shall have access to a producing party's material designated "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE."

## II.    DISCLOSURE OF EXPERTS

1.      Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this action may be furnished and disclosed to the receiving party's experts and the experts' necessary support personnel only in accordance with this Order.

2.      No disclosure of Protected Information may be provided to an expert that is a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director or employee of a party or of a competitor of a party.  No disclosure of Protected Information may be provided to an expert that is involved in competitive decision-making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party.

3.      The party desiring to disclose a producing party's Protected Information to an expert must provide the following information to the producing party for each expert: name, address, curriculum vitae, current employer, employment and consulting history for the past ten years, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, and all prior and/or present relationships between the expert and the parties in this case.

13

4.      The producing party shall have ten (10) business days after receiving a signed copy of **Attachment A** to object in writing to the disclosure.  No Protected Information shall be disclosed to such expert(s) until after the expiration of the foregoing notice period and resolution of any objection.

5.      A party objecting to disclosure of Protected Information to an expert shall state with particularity the ground(s) of the objection.  The objecting party's consent to the disclosure of Protected Information to an expert shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the expert may result in specific business or economic harm to that party.

6.      If the producing party objects, the parties shall meet and confer to attempt to resolve the objection within ten (10) business days of the objection.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the party seeking disclosure shall seek relief from the Court pursuant to the Court's discovery dispute procedures.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if reasonably necessary to abide by any discovery or briefing schedules.

7.      A party who has not previously objected to disclosure of Protected Information to an expert or whose objection has been resolved with respect to

previously produced information shall not be precluded from raising an objection to an expert at a later time with respect to materials or information that are produced after the time for objecting to such expert has expired. Any such objection shall be handled in accordance with the provisions set forth above.

## III.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

1.    The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

2.    A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation using the Court's discovery dispute procedures.

3.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## IV.    LIMITATIONS ON THE USE OF PROTECTED INFORMATION

1.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

2.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

a.     A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

b.     A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge,

16

which has been produced by that party and which pertains to the period or periods of his or her employment; and

c.     Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

3.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been

designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

4.     Outside litigation counsel of record for the parties, including supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, and legal clerks are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this action without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside litigation counsel of record, or as otherwise provided for hereunder.

5.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information or use in connection with this action and such working copies, abstracts, digests, and analyses shall be deemed Protected Information under the terms of this Order.  Further,

18

nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients. Any permission for copying, production, or transmission of information set forth in this paragraph shall apply only to CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information. With respect to RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE information, such copying, production, or transmission is expressly prohibited.

6.    At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" or "RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within five (5) business days of receipt of the final certified transcript. Deposition transcripts shall be treated by default as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

## V.    NON-PARTY USE OF THIS PROTECTIVE ORDER

1.     A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

2.     A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party in this case.

## VI.   NO WAIVER OF PRIVILEGE

1.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. When the inadvertent or mistaken disclosure of any information, document, or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

2.      Pursuant to Rule 502 of the Federal Rules of Evidence, such inadvertent or mistaken disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure.  The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection.  The producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within fifteen (15) business days from the date that the inadvertent disclosure has been realized, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information).  Upon receiving such a request from the producing party, the receiving party shall promptly return all copies of such inadvertently produced communications or information, and shall make no further use of such communications or information (or work product containing such communications or information).

3.      However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. Notwithstanding this provision, outside litigation counsel of record and in-house counsel designated pursuant to Section I.A.6.c. are not required to delete information that may reside on their respective electronic back-up, disaster recovery, or business continuity systems in the normal course of business.

## VII.    PATENT PROSECUTION BAR

1.      No lawyer, patent agent, in-house counsel, or expert of or acting on behalf of Plaintiff who obtains, receives, or otherwise learns Protected Information shall be involved in the preparation or prosecution of any patent or patent application pertaining to the subject matter of any of the patent-in-suit or any patent related thereto, including supervising, assisting, consulting with, or advising any person in the preparation or prosecution of any patent or patent application pertaining to the subject matter of the patent-in-suit, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For clarity, this restriction does not include *inter partes* reviews, post-grant reviews, or covered business method proceedings, provided participation in such *inter partes* reviews, post-grant reviews, or covered business method proceedings does not include preparing, assisting in

preparation, and/or otherwise participating in drafting or amending any patent claim(s) relating to the subject matter of the patent-in-suit.

2.    The prosecution bar restrictions above are personal to the person obtaining, receiving, or learning Protected Information and shall not be imputed to any other person or entity.  The prohibitions with respect to a particular subject matter area shall begin when access to such Protected Information relating to that subject matter is first received by the affected individual, and shall be effective during the pendency of this Action and for two years after its conclusion, including any appeals.  The prosecution bar restrictions above shall not prevent counsel from providing public information to a client.

## VIII.    MISCELLANEOUS PROVISIONS

1.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

2.    Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate

confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court pursuant to the Court's discovery dispute procedures.

3.      Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same

procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record and in-house counsel designated pursuant to Section I.A.6.c. are not required to delete information that may reside on their electronic back-up, disaster recovery, or business continuity systems in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), correspondence, expert reports, deposition transcripts (and exhibits thereto), trial transcripts, and hearing or trial exhibits and demonstratives, and their attorney work product which refers or is related to any CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY information for archival purposes only.  If a party is asked to destroy any Protected Information received, the party must certify in writing to the producing party that it has destroyed the Protected Information.

   4. <u>Other Proceedings</u>.  By entering this order and limiting disclosure of information from this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall

promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5.      Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this action are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this action and such information is not already disclosed in the expert's report.

6.      No party shall be required to identify on their respective privilege log any document or communication dated after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

7.      This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one

or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

8.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Protective Order. After termination of this action, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this action. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Delaware.

9.     Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this action only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

10.    Each of the parties agrees to be bound by the terms of this Protective

Order as of the date counsel for such party executes this Protective Order, even if

prior to entry of this order by the Court.

Respectfully submitted,

<table>
<tr><td>

/s/ Andrew E. Russell
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street
12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com
kkeller@shawkeller.com

OF COUNSEL:
Frank DeCosta III
Alexander E. Harding
Finnegan, Henderson, Farabow,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000
frank.decosta@finnegan.com
alexander.harding@finnegan.com

*Attorneys for Plaintiffs
Koninklijke Philips NV and
IP2IPO Innovations, Ltd.*

Dated: September 26, 2024

</td><td>

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

OF COUNSEL:
Erik B. Milch
Elizabeth Shrieves
PROSKAUER ROSE LLP
1001 Pennsylvania Ave. NW, Ste. 600
Washington, DC 20004
Phone: (202) 416-6800
emilch@proskauer.com
eshrieves@proskauer.com

*Attorneys for Defendants Haemonetics
Corp., OpSens Inc., OpSens Medical,
and OpSens Medical Inc.*

</td></tr>
</table>

IT IS SO ORDERED on this 26th day of September 2024.

/s/ Colm F. Connolly
United States District Judge

## ATTACHMENT A TO THE STIPULATED PROTECTIVE ORDER

## CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description
   _____.

5. I have read the Protective Order dated _____, 2024, and have been engaged as _____   on   behalf  of

   _____in the preparation and conduct of litigation styled: *Koninklijke Philips NV v. OpSens Inc.*, C.A. No. 24-206 (D. Del.).

6. I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that, to the extent I am permitted access to any documents designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and/or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE, or any similar designation, I am to retain all copies of any documents designated as such in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY and/or RESTRICTED – HIGHLY CONFIDENTIAL SOURCE CODE, or any similar designation, are to be returned to counsel who provided me with such material.

7. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8. In accordance with Section II.3 of said Order (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding four years.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By:_____ Executed on _____, 2024.